FILED

March 4, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 1:29 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| TERRY ROHRENBACH | ) | **Docket No.: 2015-05-0600** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 74548-2015** |
| YATES SERVICES | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| And | ) | |
| TRAVELERS INS. | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned workers' compensation judge on February 25, 2016, on the Request for Expedited Hearing filed by the employee, Terry Rohrenbach, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Rohrenbach's left shoulder injury and his entitlement to medical and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Rohrenbach is likely to establish at a hearing on the merits he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Rohrenbach is not entitled to the requested medical benefits at this time.[1]

### History of Claim

Mr. Rohrenbach is a fifty-four-year-old resident of Rutherford County, Tennessee, who has worked at the Nissan plant in Smyrna for several years. He testified he was working on the assembly line on September 13, 2015, in the "Right-Hand Front Members" station. He reached up to take a hood ledge off the top of a stack of parts and felt a sharp pain in his left shoulder. He was unable to lift his arm above chest level. He gave notice to his supervisor, who took him to the medical department.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Mr. Rohrenbach selected Premise Health, an onsite provider at Nissan, from a physician panel on September 14, 2015.  (Ex. 6.)  He saw Robert Dickinson, an advanced practice nurse, on that date for complaints of left shoulder pain.   Mr. Rohrenbach reported, "I was loading hood ledge and reached for a part and couldn't raise my arm." APN Dickinson also noted, "EE denies any slip, trip or fall but did state that he spread decorative gravel in his yard for three hours and he did take frequent breaks."  He examined Mr. Rohrenbach, assessed a shoulder sprain and prescribed Advil and Tylenol. (Ex. 2.)

Mr. Rohrenbach returned to the clinic and saw Dr. Woodall on September 17, 2015.  He reported a rapid onset of left shoulder weakness and pain while reaching for a part.  Mr. Rohrenbach testified Dr. Woodall did no testing, other than to move Mr. Rohrenbach's arm in one direction, before concluding he suffered from a degenerative condition.  Dr. Woodall's assessment was, "Idiopathic degenerative shoulder – believe is impingement (hypertrophy and spur) with probable supraspinatus tear – not primarily related to work activities."  He prescribed ibuprofen and restricted movement of the left arm. *Id.*

After seeing Mr. Rohrenbach one more time, Dr. Woodall responded to a letter from Ashley Hayes-Beaty, a claim representative for Yates' workers' compensation carrier.  The letter asked whether Dr. Woodall could "state with a reasonable degree of medical certainty that Mr. Rohrenbach has sustained a work related injury that arose primarily out of and in the course of employment at Yates."  Dr. Woodall circled the "No" response.  When asked to list all conditions that were pre-existing or not related to the alleged work injury, Dr. Woodall wrote: "Idiopathic degenerative shoulder with impingement & possible tear." *Id*.

Mr. Rohrenbach testified Dr. Woodall prescribed physical therapy, but Yates never approved it.  He also said he repeatedly asked Dr. Woodall for something to help with his shoulder pain, which was severe and kept him from sleeping.  However, Dr. Woodall only recommended using a bigger pillow.

Mr. Rohrenbach subsequently sought treatment at a walk-in clinic, which referred him to Dr. James Rungee.  Mr. Rohrenbach saw Dr. Rungee on October 26, 2015.  He described his problem to Dr. Rungee and told him his employer had denied his workers' compensation claim because he had degenerative changes.  Dr. Rungee ordered an MRI, which took place on October 30, 2015.  The MRI showed a full-thickness tear of the rotator cuff.  Although Dr. Rungee characterized the tear as "traumatic," he did not address the specific cause of the condition.  (Ex. 3.)

Mr. Rohrenbach testified Yates provided light duty until October 23, 2015.  After that date, Yates determined Mr. Rohrenbach was unable to perform his job duties, so he took short-term disability for his shoulder condition.  He returned to his regular job three

days before the Expedited Hearing.

Mr. Rohrenbach filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Rohrenbach filed a Request for Expedited Hearing, and this Court heard the matter on February 25, 2016.

At the Expedited Hearing, Mr. Rohrenbach asserted he is entitled to workers' compensation benefits for a rotator cuff tear arising primarily out of and in the course and scope of his employment. He acknowledged he selected Dr. Woodall from a panel offered by Yates, but he disputes Dr. Woodall's conclusion. He testified Dr. Woodall's examination was cursory, with no x-ray, MRI, or other diagnostic testing. He argued, in effect, that Dr. Woodall's opinion is medically and legally insufficient to merit consideration. Instead, he contended he has a proven injury, caused by reaching for the hood ledge while working at Nissan.

Yates countered that Mr. Rohrenbach is not entitled to workers' compensation benefits because he failed to present evidence his injury arose primarily out of and in the course and scope of his employment. Yates argues that Mr. Rohrenbach was not lifting anything, but merely raised his arm to reach for a part. Because there was no external force acting on Mr. Rohrenbach, this event does not meet the statutory requirement of an injury by accident. Further, Yates contends Dr. Woodall is the authorized treating physician, and his opinion is entitled to a presumption of correctness that is unrebutted.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Rohrenbach need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015). In analyzing whether he has met her burden, the Court cannot construe the law remedially or liberally in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Rohrenbach nor Yates. *See* Tenn. Code Ann. § 50-6-116 (2015).

To prove a compensable injury, Mr. Rohrenbach must show that his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, he must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, he must show, "to a reasonable degree of medical

3

certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

The Court is not persuaded by Yates' argument that Mr. Rohrenbach did not sustain an injury by accident. The mere fact that reaching is something "we all do all the time" does not mean that all injuries incurred while reaching are non-compensable. Many activities that occur regularly in daily life, such as bending or squatting, may result in compensable injuries so long as they occur in the course and scope of employment.

Yates' focus on whether the injury met the definition of "traumatic" or resulted from an outside force is not determinative of compensability under Tennessee law. Yates provided no authority in support of the theory that reaching for an object in the course and scope of work cannot result in a compensable injury. In fact, a number of Tennessee courts have found this type of injury to be compensable. *See, e.g., Coker v. County of Obion,* 2008 Tenn. LEXIS 554 (Tenn. July 22, 2008); *McGhee v. Holland Group of Tenn., Inc.*, 2010 Tenn. LEXIS 672, 2010 WL 3258613 (Tenn. Aug. 18, 2010).

Yates is correct, however, that Mr. Rohrenbach selected Dr. Woodall from a panel of physicians provided by Yates. Therefore, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Woodall's opinion that Mr. Rohrenbach's condition did not arise primarily out of his employment.

Mr. Rohrenbach objected to Dr. Woodall's opinion, arguing the doctor's opinion is untrustworthy because he failed to perform any objective testing. Mr. Rohrenbach, however, submitted no medical evidence to support this argument. [2] Mr. Rohrenbach's allegations regarding the quality of Dr. Woodall's evaluation constitute nothing more than a lay opinion. Although it appears Dr. Woodall formed his opinion before anyone knew the full extent of Mr. Rohrenbach's full-thickness rotator cuff tear, the Workers' Compensation Law does not allow the Court to substitute its medical opinion, or that of Mr. Rohrenbach, for the professional opinion of Dr. Woodall. Absent a contrary medical opinion, Mr. Rohrenbach cannot rebut the presumption of correctness afforded Dr. Woodall's opinion by the statute. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 8, 2015).

---

[2] Mr. Rohrenbach explained during the hearing Dr. Rungee refused to give a causation letter to him because he is not an attorney. While the Court is cognizant of the difficulties faced by self-represented litigants, they must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, No. W2014-00100-COA-T10B-CV, 2014 Tenn. App. LEXIS 72, at *17 (Tenn. Ct. App. Feb. 13, 2014). The Court also notes that self-represented parties have alternatives to causation letters, such as deposing the doctor or filing a C-32 Medical Report.

Therefore, as a matter of law, Mr. Rohrenbach has not come forward with sufficient evidence from which this Court may conclude he is likely to prevail at a hearing on the merits. The Court, at this time, must deny his request for medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Rohrenbach's claim against Yates and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on April 5, 2016, at 9:00 a.m.

   **ENTERED this the 4th day of March, 2016.**

   _____
   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

5

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Terry Rohrenbach
2. Medical Records of Dr. Gilbert Woodall
3. Medical Records of Dr. James Rungee
4. C-20 First Report of Injury
5. C-41 Wage Statement
6. C-42 Physician Panel
7. C-23 Notice of Denial
8. Employee/Manager Medical Statement
9. Dr. Woodall's Curriculum Vitae

Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 4th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Terry Rohrenbach | X | | X | Tjbach223@yahoo.com |
| John R. Rucker, Jr. | | | X | jkropog@ruckerlaw.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8